LOUISA KAUFFELD, RESPONDENT, v. G. F. PFUND & SONS, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

In workmen's compensation cases the Supreme Court cannot review the facts as found by the Common Pleas when there is any evidence to support the lower court's findings.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a workmen's compensation case. The workmen's compensation bureau made an award in favor of the petitioner. On appeal to the Camden County Court of Common Pleas, upon a trial *de novo,* the petitioner was again awarded compensation, under the statute. The only question before us for decision is, Is there legal evidence to support the judgment? The award was based upon the theory that

exposure to artificial heat in conjunction with the heat of the sun had caused the death of petitioner's husband, William Kauffeld, on August 2d, 1917, of thermic fever or sunstroke. The rule is, that when the employment brings a greater exposure than that to which persons generally in that locality are exposed, injury or death resulting therefrom, such injury or death does arise out of the employment. *Larke* v. *John Hancock Mutual Life Insurance Co.,* 97 *Atl. Rep.* 320. The deceased was employed in making deliveries of smoked products for his employer, which necessitated his entering the smoke-house. We think under the evidence in the record, it was permissible for the trial court to infer that the death of the petitioner's husband arose out of and in the course of his employment. It is settled, where a trial court's findings of fact are supported by evidence they will not be disturbed. *Lundy* v. *George Brown Co.,* 93 *N. J. L.* 107; *affirmed, Id.* 469. The judgment is affirmed, with costs."

For the appellant, *Howard L. Miller.*

For the respondent, *Willis Tullis Porch.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court; except that the Supreme Court made an error in holding that the deceased's employment necessitated his entering the defendant's smoke-house. The Court of Common Pleas, whose decision the Supreme Court reviewed, held that he did not enter the smoke-house. And the rule is that the Supreme Court may not review the facts as found by the Common Pleas in these cases when there is any evidence to support the lower court's findings; and there was in this case.

On the whole case there was sufficient evidence to warrant the judgments arrived at both in the Common Pleas and

in the Supreme Court; and the judgment here under review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   13.

*For reversal*—None.