Before State Industrial Board, Respondent.

Mrs. Anna Madura, Claimant, Respondent, *v.* Bronx Parkway Commission, Appellant.

Third Department, November 15, 1923.

Workmen's compensation — employee engaged in grading road — employee requested by foreman to stay on job during storm stood under tree for shelter and was killed by lightning — injury arose out of employment — award properly made against Bronx Parkway Commission and city of New York eliminated as party.

The death of claimant's intestate was the result of an injury arising out of his employment, since it appears that on the day of the accident he was engaged in grading a road; that a violent storm came up and the foreman of his gang requested him to remain during the storm for the purpose of putting the tools away after the storm subsided and to do other work in preparation for the work next day; that the storm was an intense one accompanied by lightning and the decedent while standing under a nearby tree with his foreman and another workman waiting for the storm to subside was struck by lightning and killed.

The award was properly granted in this case against the Bronx Parkway Commission, a distinct and separate body corporate and not a part of the government of the city of New York, but the title to the case should be corrected so as to eliminate the city of New York as a party.

Appeal by the defendant, Bronx Parkway Commission, from an award of the State Industrial Board, made on the 20th day of September, 1922, and also from a decision of said Board made on the 31st day of January, 1923, affirming said award.

*George P. Nicholson, Corporation Counsel* [*John F. O'Brien, Henry J. Shields* and *Frank E. Smith* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Hinman, J.:

The Bronx Parkway Commission was constructing a public highway known as Bronx Parkway. The injured employee was a laborer engaged in grading the road under a foreman by the name of Gustave Rung. In the afternoon of July 13, 1922, the greater number of the gang in which the decedent was employed left the place where they were working when a storm came up and went to their homes, but the decedent remained at the request of the foreman of the gang for the purpose of putting the tools away after the storm subsided and to do other work in preparation for the work of the next day. The storm was an intense one accompanied by lightning and the decedent and his foreman and another workman sought shelter from the rain under a tree nearby. The decedent

and the foreman were killed by a stroke of lightning while standing under the tree waiting for the storm to subside. It is contended that decedent's death did not result from a cause included within the Workmen's Compensation Law.

It is clear that the man was still " on duty " notwithstanding the fact that no work was being done while he waited under a tree for the storm to pass over. He was requested by his foreman to stay at the place of employment to continue the work of his employer after the storm subsided. His pay continued up to the time of his death and would have included the whole period of the storm if the accident had not occurred. He was, therefore, in the course of his employment. He was at a place where he had a right to be without interrupting the course of his employment. He was standing under the tree with his foreman who had ordered him to continue on duty. " The act of seeking and obtaining shelter arose out of, that is, was within the scope or sphere of his employment, and was a necessary adjunct and an incident to his engaging in and continuing such employment." (*Matter of Moore* v. *Lehigh Valley R. R. Co.,* 169 App. Div. 177, 182; affd., 217 N. Y. 627.) " Obtaining shelter from a violent storm in order that he might be able to resume work when the storm was over, was not only necessary to the preservation of the claimant's health and perhaps his life, but was incident to the claimant's work, and was an act promoting the business of the master." (Id. 186.) If he had been struck by a stone thrown from a rock blast, while obtaining shelter under a tree from either the rain or the blast, his injury would be considered as arising out of his employment. (Id. *supra.*) But it is claimed that such an accident would be covered because it involved the factor of human agency in its occurrence, whereas in this case the cause of the accident was the stroke of lightning, an act of God, and a peril to which the public at large is exposed. The fact is, however, that, instead of going home as the other laborers did on account of the storm, he remained with his foreman to serve his master, and with no shelter available but the tree he naturally sought its protection as did his foreman. In so doing, according to scientific authority, he ran an appreciably greater risk from a flash of lightning than if he had remained in the open. His nearest cover was his employer's shanty about half a mile away. The fact that he chose the more dangerous place under the tree does not prevent recovery. Compensation is payable irrespective of fault. If a workman is justified in obtaining the shelter of a tree from one of the elements, as an act promoting the business of the master, namely, in order that he might be able to resume work when the rain was over, it may fairly be said that his act and that of his foreman, in obtaining this shelter

in his employer's interest at greater risk of another of the elements, the lightning, combined with the lightning to produce the injury. His employment thus subjected him to a greater hazard under the tree than if he had been permitted to leave his work with the others or had denied himself any shelter at the risk of his health or life and consequently at the risk of his ability to resume work for his employer. This extra danger to which he was exposed was something more than the normal risk of humanity and may be said to have arisen out of his employment. The question of an accident from lightning being compensable is apparently new in the courts of this State but the distinction here made seems to find support in other jurisdictions. (*Andrew* v. *Failsworth Industrial Society, Ltd.*, 6 W. C. C. 11; *Kelly* v. *Kerry County Council*, 1 B. W. C. C. 194; *State ex rel. People's Coal & Ice Co.* v. *District Court of Ramsey County*, 129 Minn. 502; 153 N. W. Rep. 119; *Chiulla De Luca* v. *Board of Park Comrs. of City of Hartford*, 94 Conn. 7; 107 Atl. Rep. 611.)

An award was properly granted in this case and was made against the Bronx Parkway Commission, a distinct and separate body corporate and not a part of the government of the city of New York (Laws of 1907, chap. 594, § 5, as amd. by Laws of 1922, chap. 604; *Matter of Wright* v. *Craig*, 202 App. Div. 684; affd., 234 N. Y. 548); but the title of this proceeding describes the employer as " the City of New York, Bronx Parkway Commission, Employer and Self-Insurer." Since the award has been made against the proper party it may stand but since the misnomer in the title may lead to confusion in the execution of the award, the title of the proceeding should be corrected to accord with the award made and as so corrected the award should be affirmed, without costs.

H. T. KELLOGG, VAN KIRK, HASBROUCK and McCANN, JJ., concur.

Title of proceeding corrected so as to provide for award against Bronx Parkway Commission and as so corrected award unanimously affirmed, without costs.