In the Matter of the Claim of Anna Madura, Respondent, against The City of New York (Bronx Parkway Commission), Appellant; State Industrial Board, Respondent.

Workmen's Compensation Law — employee engaged in working upon parkway, directed by foreman to remain during thunder storm, killed by lightning while standing under tree for shelter from storm — such accident the result of a special risk incidental to the employment of decedent — Industrial Board had right to take judicial notice of danger from lightning in such cases.

1. Under a general finding, based on findings of special facts, that a given accident arose " out of " a given employment, the question is open in the Court of Appeals whether it is sustained by such facts.

2. A laborer in the employment of the city of New York was working upon a parkway when a thunder storm arose. Being directed by his foreman to remain until after the storm in order to perform various duties, he sought shelter under a tree, no other provision for shelter having been made by his employer, and while standing there with the foreman he was struck by lightning and killed. Under these circumstances he had the right to seek shelter from the storm and the effort to avoid its consequences did not in any manner break or suspend the relationship of employee.

3. Upon the question whether, as the result of decedent's employment, which continued while he sought shelter under a tree, he was exposed to any unusual risk, the Industrial Board had the right to take judicial notice that a wet tree is a ready conductor of a current of electricity and that a person standing under such a tree is exposed to a degree of danger which does not confront one in the open spaces of a highway or field and this was evidence sufficient, without testimony, to justify the Industrial Board in deciding that this accident was the result of a special risk incidental to the employment of decedent.

*Madura* v. *City of New York*, 206 App. Div. 598, affirmed.

(Argued April 1, 1924; decided May 13, 1924.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 26, 1923, unanimously

affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Henry J. Shields* and *Frank E. Smith* of counsel), for appellant. Death did not arise " out of " the employment. (*Kelly* v. *Kerry C. C.*, 1 B. W. C. C. 194; 42 Irish L. T. 23; *Wiggins* v. *Ind. Acc. Bd.*, 54 Mont. 335; *Hoenig* v. *Ind. Comm.*, 159 Wis. 646; *Klawinski* v. *L. S. & M. S. Ry. Co.*, 185 Mich. 643; *Moore* v. *Lehigh V. R. R. Co.*, 169 App. Div. 177, 186; 217 N. Y. 627; *Matter of Leonbruno*, 229 N. Y. 470; *Matter of Heitz*, 218 N. Y. 148; *Matter of Katz*, 232 N. Y. 420; *Chiulla de Luca* v. *Park Comrs.*, 94 Conn. 7; *State ex rel. P. C. & I. Co.* v. *Dist. Court*, 129 Minn. 502.)

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondents. The accident by which the deceased employee met his death arose out of and in the course of his employment. (*Moore* v. *L. V. R. R. Co.*, 169 App. Div. 177; 217 N. Y. 627; *Andrews* v. *F. I. Society*, 6 W. C. C. 11; *Kelly* v. *Kerry County Council*, 1 B. W. C. C. 194; *People ex rel. P. C. & I. Co.* v. *District Court*, 153 N. W. Rep. 119; *Chiulla de Luca* v. *Parkway Comrs.*, 107 Atl. Rep. 611.)

HISCOCK, Ch. J. The findings of fact unanimously affirmed are to the effect that while the decedent, Madura, was in the employment of the city of New York as a laborer upon the Bronx Parkway a thunder storm arose; that being directed by his foreman to remain until after the storm in order to perform various duties he sought shelter under a tree, no other provision for shelter having been made by the employer, and that while standing there with his foreman he was struck by lightning and killed. Under these circumstances the State Industrial Board has found that his death was the result of injuries which arose out of his employment and it is argued by

appellant that the danger of being struck by lightning was one common to everybody in that vicinity and that, therefore, it was not a risk especially attributable to the employment of the decedent or for which an award could be made under the Workmen's Compensation Act.

It is suggested that this question is not arguable on this appeal. The inquiry whether a given accident arose " out of " a given employment necessarily involves a consideration of the facts attending such accident and the finding of the State Industrial Board that this particular accident arose out of the decedent's employment being unanimously affirmed ordinarily would withdraw from our consideration the review of any decision of fact.

We think, however, that this general finding being a general conclusion based on findings of special facts, the question is open to us whether it is sustained by such facts, and we reach the conclusion that it is.

There is no question that decedent was in the course of his employment at the time he was struck. He had received specific instructions to remain at his place of employment in order to perform certain duties when the storm had passed. Under these circumstances he had the right to seek shelter from the storm and the effort thus to avoid its consequences did not in any manner break or suspend the relationship of employee. (*Matter of Moore.* v. *Lehigh Valley R. R. Co.*, 169 App. Div. 177; affd., 217 N. Y. 627.)

The only question then is whether as the result of his employment, which continued while he sought shelter, he was exposed to any unusual risk. (*Matter of Katz* v. *Kadans & Co.*, 232 N. Y. 420.)

We think that as the result of judicial knowledge, which may be taken of scientific facts, the Industrial Board was permitted without expert evidence to find as it did by implication and that we are permitted to say that he was. It is a matter of widespread scientific belief and declaration that a wet tree is a ready conductor of a current of

electricity and that a person standing under such 'a tree is exposed to a degree of danger which does not confront one in the open spaces of a highway or field. (*Chiulla de Luca* v. *Bd. Park Comrs.*, 94 Conn. 7.) This scientific belief is so widespread that we think the Industrial Board had the right to take notice of it without testimony in deciding that this accident was the result of a special risk incidental to the employment of decedent. (*Jackson* v. *Wisconsin Tel. Co.*, 88 Wis. 243; *Starr* v. *South. Bell Tel., etc., Co.*, 156 N. C. 435.) If we are correct in this then certainly there was evidence to sustain the finding of the Industrial Board, assuming that we are permitted to consider that question.

Accidents resulting from lightning have been the subject of conflicting decisions. But in the cases which have held that an award should not be made for death resulting from such a cause there has been quite uniformly a finding of fact that there was not any unusual risk of such an accident incidental to the employment and that, therefore, the accident could not be charged to the latter or said to spring out of it. (*Kelly* v. *Kerry C. C.*, 1 B. W. C. C. 194; *Wiggins* v. *Ind. Acc. Bd.*, 54 Mont. 335; *Hoenig* v. *Ind. Comm.*, 159 Wis. 646; *Klawinski* v. *L. S. & M. S. Ry. Co.*, 185 Mich. 643.)

On the other hand, it has been held in several cases, as is being held here, that there sprang from the employment in which the workman was engaged a special risk of being struck by lightning and that, therefore, compensation should be awarded. (*Andrew* v. *Failsworth Ind. Soc., Ltd.*, 6 W. C. C. 11; *State ex rel. Peoples' Coal & Ice Co.* v. *District Court*, 129 Minn. 502; *Chiulla de Luca* v. *Bd. Park Comrs.*, supra.)

Under these circumstances we think that the order should be affirmed, with costs.

CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed.