(127 So. 540)

## AMERICAN FUEL & CLAY PRODUCTS CO. v. GILBERT.

### 6 Div. 458.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Granted April 3, 1930.

Altman & Koenig, of Birmingham, for appellee.

Cabaniss, Johnston, Cocke & Cabaniss and Gerry Cabaniss, all of Birmingham, for appellant.

**FOSTER, J.**

Petitioner in this court, to whom we will refer as the employer, owned and operated a tipple at a railroad, in a valley with a hill on each side. The tipple was of wood construction, with composition roof. There was located upon the top of it a tin sign two feet high and eight feet long, held in place by two guy wires, on each side, with one end of each attached to the edge of the roof but not grounded. The decedent, an employee of petitioner, was engaged in the line of his duties immediately under the place where one of said wires was nailed to the roof. While so engaged lightning struck the guy wire, ran down the wire to the end, went through the roof where decedent was employed, struck decedent, and killed him. The court further found that the lightning was not attracted to the building by the tin sign, but the lightning would have struck the building even though the sign and wires had not been there, but being in the path of the lightning the wire conducted it to the end where it went through the roof; that the place and conditions were not necessarily dangerous in an electrical storm, and did not subject him to any risk from lightning other than an ordinary risk in a place of like kind or in a building of like kind in the same general vicinity; that a building in this valley was less liable to be struck than one situated on level ground.

██ There was no bill of exceptions, and we must therefore take as well supported the facts found by the court. But the legal conclusion from these facts is subject to review by this court.

██ The employer in this case insists that though the employee was killed by reason of an accident which occurred while he was in "the course of his employment," it did not "arise out of it," within the meaning of section 7534, Code. The clause there stated refers to "distinct conceptions and their concurrent existence is essential to invoke" the benefits of the Workmen's Compensation Law. But "overwrought refinements in administration should be avoided, since that process may conduce to the embarrassment, if not the defeat, of the beneficent purposes of remedial acts of this character." Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289, 292.

This court has given such liberal interpretation to the act in Ex parte Rosengrant, 213 Ala. 203, 104 So. 409, 412, and Boris Const. Co. v. Haywood, 214 Ala. 162, 106 So. 799. Counsel for the employer in the instant case insist that in those cases, the court ignored the requirement that the accident shall "arise out of" the employment as well as be in the course of it. But we do not so interpret them. In the former an employee was said to be peculiarly exposed "to hazards from loafing and working crews on these [other] boats, to which he would not otherwise have been subjected." Also that "by reason of his employment he was exposed to this hazard, which was a natural incident of his work at that place, and which he would not probably have otherwise encountered." The Boris Const. Co. Case was said by the court to be the same in principle as the Rosengrant Case. This court has carried the principle of those cases to another state of facts in Dean v. Stockham Pipe & Fittings Co., 123 So. 225.[1] The question in them was, conceding that the employee was engaged in the course of his employment, did the accident "arise out of it?" The answer was said to depend upon a correct application of the principle that the hazard of the accident "was peculiar to the employment as a contributing cause," and flowed from that source as a rational consequence. It excludes therefore an accident "which comes from a hazard to which the workmen would have been equally exposed apart from the employment."

The United States Supreme Court quotes with apparent approval the following from Anderson v. Adamson, 50 Scot. L. R. 855, as a correct statement of this rule: "If it is the normal risk merely which causes the accident, the answer must be that the accident did not arise out of the employment. But if the position which the workman must necessarily occupy in connection with his work *results in excessive exposure to the common risk* * * * or if the *continuity or exceptional amount of exposure aggravates the common risk* * * * then it is open to conclude that the accident did not arise out of the common risk, but out of the employment." Continuing the court says, "same doctrine has been declared * * * by many of the state courts" (citing Procaccino v. E. Horton & Sons, 95 Conn. 408, 111 A. 594; Empire, etc., Ins. Co. v. Purcell, 76 Ind. App. 551, 132 N. E. 664; Judson Mfg. Co. v. Industrial Accident Commission, 181 Cal. 300, 184 P. 1, and others). Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 155, 68 L. Ed. 366, 30 A. L. R. 532.

The courts have applied the principle to accidents to employees while engaged in the service of their employment when they were caused by lightning. 1 Honnold on Workmen's Compensation, p. 428, and the cases to which we will later refer. The principle is always the same, and the same result always follows from a proper answer to the inquiry of whether "the work or the method of doing the work exposes the employee to the forces of nature to a greater extent than he would be if not so employed." 1 Honnold, supra.

[1] 220 Ala. 25.

Referring now to some of the cases, we find it held that if an employee is out in the open, where there is no peculiar attraction to lightning, and is injured by lightning, such an accident is not a hazard peculiar to his employment. Kelly v. Kerry County Council, 1 B. W. C. C. 194; Hoenig v. Industrial Commission, 159 Wis. 646, 150 N. W. 996, L. R. A. 1916A, 339. This result is not changed by the fact that the employee was in the mountains on a high elevation, Netherton v. Lightning Delivery Co. (Ariz.) 258 P. 306, though a contrary view was expressed by a divided court in Ætna Life Ins. Co. v. Industrial Commission, 81 Colo. 233, 254 P. 995, and also in the case of U. S. Fid. & G. Co. v. Rochester (Tex. Civ. App.) 281 S. W. 306.

Cases in several states hold that an accident is compensable when an employee is exposed to an electrical storm in the course of his employment and for protection temporarily takes shelter under a tree and by reason of his position is struck by lightning (State ex rel. People's Coal & Ice Co. v. District Court of Ramsey County, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344; Madura v. City of New York, 238 N. Y. 214, 144 N. E. 505, affirming 206 App. Div. 598, 201 N. Y. S. 639; Chiulla de Luca v. Board of Park Com'rs, 94 Conn. 7, 107 A. 611); also if he takes shelter under railroad cars and is hurt (Moore v. Lehigh Valley R. Co., 169 App. Div. 177, 154 N. Y. S. 620); and when a mason is struck by lightning while working on a scaffold, that being a peculiar danger it is said (Andrew v. Failsworth Ind. So., 2 K. B. 32); and when a laborer operating a harrow in the field, and lightning struck the team causing him to fall upon the harrow, thereby inflicting injuries (Dunnigan v. Clinton Falls Nursery Co., 155 Minn. 286, 193 N. W. 466).

In Alzina Const. Co. v. Industrial Commission, 309 Ill. 395, 141 N. E. 191, compensation was denied when an employee was struck by lightning while removing cement bags from box cars into an adjacent cement building, for that the place did not expose him more to such an accident than any other person in any other employment in that locality.

In the instant case, it was found by the court that the location and construction of the building did not make the building a greater hazard to lightning than other buildings in the same or other locations. But, if the building should be struck by lightning and all buildings are liable to be struck (a common risk), did the guy wires cause a greater hazard to this employee than to others not so situated? If such be the fact, then this employee was exposed to a greater hazard from

his employment than would those who are employed in buildings or at places where such hazard does not exist. His risk is more than the common risk. The finding is that the lightning struck and followed the guy wire to where this employee was working under it, in the line of his employment. He was struck and killed therefore as a direct result of a condition which creates a hazard which cannot be said to be a common risk, but was peculiar to him on account of the location of his work.

We find almost the exact situation treated in Emmick v. Hanrahan Brick & Ice Co., 206 App. Div. 580, 201 N. Y. S. 637, 638. In that case the industrial board found that "the deceased was subjected to a special and increased hazard, due to the fact that he was compelled, by his employment, to work in proximity to an iron rod, which was across the top of the kiln, near the roof of the building in which the deceased worked." He was standing on bricks within two or three feet from one of the cable ends, and was killed by a lightning stroke which followed the cable. It was held that he was exposed to a greater risk than the average man and than employees elsewhere engaged, and, citing some of the cases we have referred to, affirmed an award of compensation. For the reasons there stated and on the principle so well sustained in the authorities we have cited, we likewise conclude that the death of the employee in the instant case arose out of as well as in the course of his employment, and was compensable under our statute.

The judgment of the circuit court so declaring is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

PER CURIAM.

The majority of the court, composed of ANDERSON, C. J., and SAYRE, BOULDIN, and BROWN, JJ., are of the opinion, and so hold, that the facts set out by the trial judge do not support his conclusion as to the result. The judgment denying the writ and affirming the case is set aside and the writ is awarded, and the judgment of the circuit court is reversed and the cause is remanded.

Writ awarded, and reversed and remanded.

GARDNER, THOMAS, and FOSTER, JJ., dissent.