NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HELEN PIKUS, ADMINISTRATRIX AD PROSEQUENDUM
OF THE ESTATE OF STANLEY PIKUS, DECEASED,
PETITIONER, v. AMERICAN FUR DYEING COMPANY,
RESPONDENT.

Decided September 3, 1935.

For the petitioner, *Leuly & Moser* (*George P. Moser,* of counsel).

For the respondent, *Carey & Lane* (*David A. Pindar,* of counsel).

\*       \*       \*       \*       \*       \*       \*

During the mid-afternoon of said August 1st, 1933, the decedent became ill, thereafter unconscious, and removed to the North Hudson Hospital, Weehawken, Hudson county, New Jersey, where decedent died about five-ten P. M. of the day aforeseaid.

That while the claim of the cause of death of the decedent was heat prostration, when the temperature on the said August 1st, 1933, as shown by the monthly meteorological summary, accepted in evidence in this cause, at the time of the decedent's alleged accident was between ninety-two degrees and ninety-five degrees Fahrenheit, there was no proof submitted as to the heat temperature at the location where the decedent was employed at the time of the alleged accident.

That the condition of the decedent at the time of the alleged accident was diagnosed as heat prostration, but such

diagnosis was uncertain and not positive for a conclusion as to the cause of decedent's death.

That at the location where the decedent worked at the time of the alleged accident, due to the ventilation surrounding said location, the temperature there was a few degrees cooler than the temperature existing in the atmosphere and outside of the premises of respondent, as shown in the monthly meteorological summary aforesaid. There being no proof that in his employment the decedent was subjected to a greater exposure than that to which persons generally in that locality were exposed, decedent's dependents are entitled to no compensation under the doctrine pronounced in the case of *Kauffeld* v. *G. F. Pfund & Sons,* 97 *N. J. L.* 335; 116 *Atl. Rep.* 487.

That the appearance of the decedent at the time of the alleged occurrence varied from and was contrary to the general diagnostic appearance of a person afflicted with a heat stroke, as stated by expert medical testimony.

That there did not exist at the time and place of the alleged occurrence any artificial heat which would tend to increase the heat condition existing at the said location, and that there was no undue exposure to heat at any time.

That the decedent was not at the time and place of the alleged occurrence exposed to or subjected to any greater . exposure to heat than any other person in the location of the occurrence herein on the said August 1st, 1933.

\*        \*        \*        \*        \*        \*        \*

That the petitioner has failed to sustain the required and necessary burden of proof that the decedent's death resulted from an accident and arose out of and in the course of his employment by the respondent.

JOHN C. WEGNER,<br>*Referee.*