ALEXANDER ORR, JR., INC., and INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA v. FLORIDA INDUSTRIAL
COMMISSION and MRS. ANDREW JEROME MAXWELL, a
widow.

176 So. 172.

Opinion Filed September 29, 1937.

*McKay , Dixon & DeJarnette,* for Appellants;
*Ross Williams,* for Appellees.

BUFORD, J.—The appeal here is from decree of the
Circuit Court affirming the award of Florida Industrial
Commission in favor of Mrs. Andrew Jerome Maxwell, a
widow, as compensation for the death of her husband, An-
drew Jerome Maxwell, whom she alleged died as result of
sunstroke and that the same was an accident under the
terms of Florida Workmens Compensation Act, being Chap-
ter 17481, Acts of 1935, in that the death of Andrew Jerome
Maxwell proximately resulted from an injury arising out

of, and in the course of his employment, by and under the direction of Alexander Orr, Jr., Inc., a Florida corporation.

Paragraph 5 of Section 2 of that Act provides:

"The term 'injury' means personal injury or death by accident arising out of and in the course of employment, and such diseases or infection as naturally or unavoidably results from such injury."

So it is that the question for our determination is whether or not the petition sufficiently alleges, and the testimony establishes, a state of facts which makes the provisions of the Act above mentioned applicable and the petitioner, the appellee here, entitled to compensation thereunder.

We have found no better expression of the rule which is applicable in cases such as this than that enunciated by the Supreme Court of Alabama in the case of Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 Sou. 565, in which that Court said:

"If the heat exhaustion arose out of the employment as well as in its course, we think it is clear that any harmful effect upon the physical structure of the body of the employee, which was a proximate result of it, is an accident under our statute. Section 7596 (i), Code: Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 139 So. 261; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; 1 Honnold on Workmen's Compensation, p. 281, Section 86. In connection with the sort of accident here involved, the principle to which most authorities give assent is that the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger materially in excess of that to which people commonly in that locality are exposed, when not situated as he

is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure. Am. Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540; Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532.

"That principle has been specifically thus applied to sunstroke or heat prostration or heat exhaustion in many varying conditions. The authorities in the main adopt and supply it substantially as we have thus stated. It would serve no good purpose to refer to the discussions and various applications of the principle. Many cases are analyzed in texts and notes as follows: 1 Schneider's Workmen's Compensation Law (2nd Ed.) pp. 701 to 710; 1 Honnold's Workmen's Compensation, p. 428; 13 A. L. R. 979; 53 A. L. R. 1085; 46 A. L. R. 1218; 25 A. L. R. 147; 16 A. L. R. 1038, 1039."

We adopt that language supported by the authorities cited as a statement of the law applicable to the instant case. Such appears to have been the holding of the Commission and of the Circuit Judge.

We come then to the question as to whether or not the evidence in this case establishes the fact that the deceased was exposed to greater hazards in the performance of the work required of him at the time and place of this employment than those experienced by other people generally in the locality. The record shows that Maxwell, deceased, was employed as a plumber by Alexander Orr, Jr., Inc., laying sewer pipe at a place known as Sunny Isles, in Northern Miami Beach, though the location of the work was some 600 yards from the ocean and about the same distance from an inland bay, on August 29th, 1935; that it was a hot sun-

shiny day and Maxwell was required to use, and did use, in the performance of his work a hand furnace or blow torch, which necessarily increased the heat to which he was subjected. His work was at or near the ground. The record shows that he had been subjected to this intense heat for several hours when he collapsed and after a short rest returned to his work, continued for some little while when he again collapsed and shortly thereafter died.

It is true that there is evidence in the record to show that at the top of a certain high building in the City of Miami, a few miles away, the temperature was not excessively hot, considering the location and the season of the year. The record also shows that people were playing golf and that bathers were in the surf and on the beaches. But there is a great deal of difference between the conditions which surround a bather on the beaches or persons engaged in playing golf and the position of a workman who is laying sewer pipe with the sun baking down on him from above and a blow torch melting lead or other material super-heating the atmosphere about him. Therefore, the hazards to which deceased was subjected were materially greater than those which surrounded bathers and golf players.

In the case of Kauffeld v. Pfund & Sons, 97 N. J. Law 335, 116 Atl. 487, the Court said:

"The award was based upon the theory that exposure to artificial heat in conjunction with the heat of the sun had caused the death of the petitioner's husband, William Kauffeld, on August 2d, 1917, of thermic fever or sunstroke. The rule is that when the employment brings a greater exposure than that to which persons generally in that locality are exposed, injury or death resulting therefrom, such injury or death does arise out of the employment. Larke v. John Hancock Mutual Life Insurance Co., 97 Atl. Rep.

320. The deceased was employed in making deliveries of smoked products for his employer, which necessitated his entering the smoke-house. We think under the evidence in the record, it was permissible for the trial court to infer that the death of the petitioner's husband arose out of and in the course of his employment."

A decision by the New Jersey Department of Labor, Workmen's Compensation Bureau, in the case of Higham v. Preakness Hills Country Club, reported in 161 Atl. 651, is of interest. The Commissioner stated the facts as follows:

"On August 3d, 1930, the climatological records from the Department of Agriculture of the United States Government show that the thermometer registered 95 degrees Fahrenheit; that during the entire day the day was extremely hot; that the petitioner began working for the said respondent at 8 o'clock on that morning by giving golf lessons to some of the members of the club, and that he continued, principally during the course of the day, to be exposed to the sun rays and that he was obliged to do so in the course of his employment; that on or about 4 o'clock of the said day he was requested by Charles Bloom, chairman of the greens committee and supervisor of the said petitioner to whom he owed the duty of reporting for service, to accompany said Charles Bloom to give him a playing lesson while the said Charles Bloom was engaged in playing with another; that after he had played for a short time he immediately began to feel dizzy, but continued, nevertheless, to play until he reached the tenth hole of the course, when the petitioner in swinging his golf club suddenly collapsed on the fairway and was taken to the club house and given immediate attention by several doctors who were in

the club house at the time. The petitioner was in a state of complete collapse and in a semi-conscious condition."

The Commission held:

"The medical testimony produced on behalf of the petitioner convinces me that the petitioner suffered from a sunstroke, and that this sunstroke was due to the character of his employment, which required him to be necessarily exposed to the sun rays and heat of the day beyond the normal and average player, and, by reason of his exceptional employment in being so exposed, his claim is within the purview of the Workmen's Compensation Act (Comp. St. Supp. * * * 236—1, *et seq.*) This Bureau has so ruled * * * and the principle has been adopted by the Court of Errors and Appeals in our State in the case of Kauffeld v. G. F. Pfund & Sons, 97 N. J. Law 335, 116 A. 487."

Upon this finding compensation was awarded.

We find no error in the record.

The decree appealed from is accordingly affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.