O’CONNELL, Justice.
Claimant seeks review by certiorari of an order of the Full Commission which reversed an award of compensation by the Deputy.
On July 18, 1961 claimant, while working as a finish carpenter, was called upon to assist in raising and installing certain heavy trusses. This required greater effort than claimant’s usual work. While performing this work claimant became very hot, wringing with perspiration, and felt weak and “trembly.” At the end of the day’s work he felt weak and had cramps in his hands. He worked the next day, although he did not feel well, and again the second day on which he felt better. On July 21, a Friday, petitioner quit work at 3 :30 P.M. He felt ill and had cramps in his hands and legs. He had a fellow workman gather his tools for him. After arrival at his home the cramps became worse extending to other portions of his body.
Claimant called his doctor, but he could not see him that evening. The next day, Saturday, he consulted his doctor who gave him salt tablets with instructions to go home, take the salt tablets and rest. Claimant testified that on Monday morning he got up to go to work but did not feel like going and stayed home. On Tuesday he also got up to go to work and then had an attack with cramps in the stomach accompanied by shortness of breath. He was taken to a hospital where he remained for about ten days. In August, 1962 claimant was discharged by his doctors with instructions that light work was permissible. In November, 1962 claimant returned to *898 work for the employer herein for about three months. He then quit that employment to become manager of a motel, which position he held at the time of the final hearing in this cause.
The medical evidence showed that claimant suffered near sunstroke or heat exhaustion on July 21st and a heart attack on July 25th. In his order the deputy found that on Friday, July 21st, the claimant suffered heat exhaustion due to his employment which required him to expose himself to heat and hot sun to a degree and period of time materially in excess of that to which others in the community were exposed. He further found that the heat exhaustion aggravated a pre-existing arteriosclerotic heart condition, precipitating an acute myocardial infarction. The deputy determined that the claimant had sustained a 30% permanent disability of the body as a whole. Of this disability he found 90% to be due to the aggravation by the incidents above described and 10% to be due to the pre-existing heart condition. Accordingly he ordered the employer-carrier to pay claimant for a 27% permanent partial disability of the body as a whole.
On review the Full Commission reversed the deputy on two grounds. First, it stated that since it was not shown that the claimant was on July 21st performing physical activity unusual to his employment the holding of this Court in Victor Wine & Liquor, Inc. v. Beasley, Fla. 1962, 141 So. 2d 581, precluded a finding for the claimant. Second, it stated that the evidence that the heat prostration triggered the subsequent heart attack was speculative, to say the least, and that “There is no competent substantial evidence indicating a causal relationship between the heat prostration and the subsequent coronary.”
It is our opinion that the deputy’s findings are amply supported by the evidence; that his order is consistent with applicable law; and that the Full Commission committed error in reversing the deputy.
The Full Commission recognized in its order that the claimant apparently suffered heat prostration on July 21st and a heart attack on July 25th. Then it obviously reasoned that the heat prostration would not constitute a compensable accident because it was not shown that claimant was on July 21st “engaged in physical activity that was unusual to his employment.” The commission cited the Victor Wine & Liquor case, supra, in support of its conclusion.
The decisions of this Court dealing with the compensability of sunstroke, heat prostration, or exhaustion, do not require that this condition result from unusual exertion as in the case of heart accidents. Rather the only requirement seems to be that the injured employee was exposed to dangers, i. e., heat or sun, materially in excess of that to which others in the community are commonly exposed. Alexander Orr, Jr., Inc., et al. v. Florida Industrial Commission, 1937, 129 Fla. 369, 176 So. 172, and Davis v. Artley Const. Co., 1944, 154 Fla. 481, 18 So.2d 255.
The deputy found the exposure requirement to have been met, and the evidence is adequate to support this finding. This leads to the conclusion that the heat prostration constitutes a compensable accident. Under the statement of law contained in Alexander Orr, Jr., Inc., supra, any harmful results flowing from or caused by the heat exhaustion are also compensable. Thus, in this case the heat exhaustion is the primary injury and the heart attack, if causally connected, would be termed a subsequent or secondary injury. As this Court explained in Sosenko v. American Airmotive Corporation, Fla.1963, 156 So.2d 489, the rule announced in Victor Wine & Liquor, Inc., supra, applies only when the heart condition is the primary accident or injury. If the heart condition is a subsequent or secondary injury the question for decision becomes one of direct and natural result from or causal connection with the primary or first injury. In this case the Full Commission erred in applying the rule *899 in Victor Wine & Liquor, Inc., supra, in determining the compensability of claimant’s heart attack.
Having determined that there was competent, substantial evidence to support the deputy’s finding that claimant suffered a compensable attack of heat prostration or exhaustion on July 21st, the next question is whether the evidence also supports the finding that the heart attack on July 25th was the direct and natural result of, or causally connected to, the heat prostration. We find the evidence to be sufficient.
It is true, as argued by respondents, that the testimony by deposition of claimant’s principal medical witness, Dr. Duke, is in some respects not as certain as to causal connection as would be expected in the statement of a mathematical proposition. Nevertheless, when considered in its entirety it is clear that it was this physician’s opinion that the heat prostration aggravated the claimant’s pre-existing heart disease and caused the myocardial infarction. This physician’s testimony is not subject to the deficiency discussed in Arkin Construction Co. v. Simpkins, Fla. 1957, 99 So.2d 557. The evidence shows that the symptoms of heat prostration continued unabated from July 21st until the heart disease evidenced itself on July 25th. This doctor explained in detail the effect on the body produced by heat exhaustion, including increased demands on the heart The facts necessary to support the opinion of this doctor are found in the record.
The reports of three other physicians were admitted in evidence. Two indicate opinions of no causal connection between claimant’s work and/or heat exhaustion. The third states a causal connection between claimant’s work and the heat and the heart attack. The deputy relied upon the testimony of Dr. Duke and the report of the third doctor because they were the treating physicians. He had the duty to resolve these conflicting views and those he chose constitute competent, substantial evidence, consistent with logic and reason, to support his findings.
For the reasons above stated the writ of certiorari is issued, the order of the Full Commission is quashed with directions to reinstate the order of the deputy.
It is so ordered.
DREW, C. J., ROBERTS and BARNS (Retired), JJ., and McCORD, Circuit Judge, concur.