ADKINS, Justice.
By petition for writ of certiorari, we have for review an order of the Industrial Relations Commission dated January 4, 1971, reversing an order of the Judge of Industrial Claims.
Petitioner-claimant was employed by the respondent State of Florida Department of Transportation as a truck driver. His customary duties consisted of driving a truck which was not air conditioned. In July, 1969, claimant developed a skin irritation which was diagnosed as miliaria ru-bra, secondarily infected by pyoderma, a disorder which is often called heat rash. This claim resulted when the employer refused to pay medical costs connected with the treatment of claimant’s heat rash.
The Judge of Industrial Claims found that the employee had sustained an occupational disease of miliaria rubra which was secondarily infected by bacteria. The Judge also found that this disease constituted injury by accident, inasmuch as it resulted from exposure conditions peculiar to and constituting a hazard of employment, operating upon his physical condition at the time of the exposure. He ordered the employer to reimburse claimant for past medical expenses and to provide claimant with further remedial treatment. Upon review, the order of the Judge of Industrial Claims was reversed and the claim dismissed.
Claimant asserts that the decision of the Judge of Industrial Claims is in accord with reason and logic and is based upon competent, substantial evidence. Therefore, the Industrial Relations Commission should not have reversed the order and dismissed the claim.
The first question for determination is whether miliaria rubra, or heat rash, is an occupational disease within the purview of Fla.Stat. § 440.151, F.S.A., which provides that disablement resulting from an occupational disease shall be treated as a happening of an injury by accident. However, Subsection (1) (a) of this section provides that:
“[I]n no case shall an employer be liable for compensation under the provisions of this section unless such disease has resulted from the nature of the employment in which the employee was engaged under such employer and was actually contracted while so engaged, meaning by ‘nature of the employment’ that to the occupation in which the employee was so engaged there is attached a particular hazard of such disease that distinguishes it from the usual run of occupations and is in excess of the hazard of such disease in such employment.” (Emphasis supplied)
*262 Fla.Stat. § 440.151(2), F.S.A., contains the following provision:
“[T]he term ‘occupational disease’ shall be construed to mean only a disease which is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process or employment, and to exclude all ordinary diseases of life to which the general public is exposed.” (Emphasis supplied)
A claimant seeking compensation for a disease must prove
(1) that his disease is caused by his employment ;
(2) that his employment shows a peculiar hazard of such disease in excess of that posed by other forms of employment, and;
(3) that the disorder is not a common and ordinary disease of life to which the general public is exposed.
There is nothing in the record showing that there is any particular hazard attached to the occupation in which claimant was involved. In fact, any member of the general public staying in a motor vehicle for long periods of time during hot weather, under the same conditions as that of the claimant, may contract miliaria rubra. A dermatologist testified that this type of rash is a disorder caused by failure of the sweat mechanism induced by heat and that claimant was apt to develop this rash whenever he became excessively hot. The claimant’s condition is clearly a hazard to which the general public may be exposed under similar circumstances.
There was no substantial evidence upon which the Judge of Industrial Claims could conclude that miliaria rubra, or heat rash, or prickly heat is an occupational disease which would entitle claimant to benefits under the workmen’s compensation law.
However, claimant further says that he suffered an “accident” within the purview of the workmen’s compensation law.'
Claimant relies upon Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962), where the Court held that a literal “accident” was no longer required in order to invoke the provisions of the workmen’s compensation law. In its opinion, the Court said:
“It is also settled law in this state that a disability which results from some exposure peculiar to and constituting a hazard of the employment, operating upon the physical condition of the employee at the time of such exposure, is a compensable injury ‘by accident’ within the meaning of the Act, even though there is no literal ‘accident’ such as a slip or fall. See Davis v. Artley Construction Co., 1944, 154 Fla. 481, 18 So.2d 255 (claimant became overheated while unloading a boxcar and suffered a cerebral hemorrhage); Alexander Orr, Jr., Inc. v. Florida Industrial Commission, 1937, 129 Fla. 369, 176 So. 172 (plumber died of sunstroke after being subjected to intense heat and using a blow-torch on hot August day) ; Czepial v. Krohne Roofing Co., Fla.1957, 93 So. 2d 84 (constant inhalation of dust and fumes aggravated or accelerated pre-ex-isting tubercular condition).
“In the so-called ‘exposure’ cases, this court has stressed that, to entitle the employee to compensation, he must have been subjected to more than the ordinary hazards confronting people generally; but we have found no case in which it has been held that the ill effects of the exposure must occur suddenly and be immediately related to an identifiable incident.” (Emphasis supplied) (p. 588)
Claimant also relies upon Alexander Orr, Jr., Inc. v. Florida Industrial Commission, 129 Fla. 369, 176 So. 172 (1937), where this Court said:
“In connection with the sort of accident here involved, the principle to which most authorities give assent is that the *263 harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger, materially in excess of that to which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure.” (p. 173)
In the Alexander Orr, Jr. case, supra, a deceased plumber in laying sewer pipe for several hours on a hot day in the sunshine was required to use a hand furnace or blow torch. He was subjected to hazards materially greater than others in the locality and his death because of such exposure was, therefore, compensable. In the case sub judice, claimant utterly failed to show that his employment presented such a peculiar hazard.
In Norman v. Morrison Food Services, 245 So.2d 234 (Fla.1971), claimant, work-, ing as a baker at a cafeteria suffered “detergent burn” while cleaning off baking tables using a common household detergent. The Court held that the evidence did not establish an occupational disease in the absence of a finding that the extent and manner of claimant’s exposure exceeded that of the general public so as to constitute a particular hazard of her employment.
Claimant has failed to show by any substantial evidence that he was subjected to any more than the ordinary hazard confronting people generally. His proof failed to bring him within the principles announced by Victor Wine & Liquor, Inc., supra, and Alexander Orr, Jr., supra.
The petition for writ of certiorari is denied.
It is so ordered.
ROBERTS, C. J., and CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents.