JOHNSTONE, Justice.
Richard Byrom sued his former employer Ceasco, Inc., d/b/a Skill Lube, for workers’ compensation benefits for injuries he suffered from an on-the-job lightning strike. After trial on oral testimony and *944 written exhibits, the trial court entered an order which reads, in pertinent part:
“I. FINDINGS OF FACTS.
“1. On July 24, 1998, Richard Byrom (Plaintiff) suffered injuries arising out of and in the course of his employment with defendant Ceasco, Inc., d/b/a Skill Lube. Plaintiffs injuries occurred when a telephone he was using was struck by lightning. He immediately felt severe pain on the left side of his head and hands and was subsequently taken to Huntsville Hospital and treated for injuries.
[[Image here]]
“9. John B. Riser, a neurologist, was selected by the employer as an approved treating physician and first examined Plaintiff on February 16, 1999. Dr. Riser diagnosed Plaintiff as presenting with post-concussion syndrome with associated headaches and short-term memory loss and concluded that he had suffered an injury to his spinous process at the C-2 level. Dr. Riser concluded that the cause of his symptomatology and neurological problems were related to the lightning strike on work in July of 1998. Dr. Riser also agreed that the headaches, short-term memory loss, and the blacking out were the major symptoms of the post-concussion syndrome and that they were all related to the lightning strike in July, 1998.
[[Image here]]
“II. CONCLUSIONS OF LAW
[[Image here]]
“4. At trial the court considered not only the content of the testimony, but the manner and demeanor of the witnesses as they testified. The Court had the opportunity to observe the plaintiff as he testified. The Court considered all the medical testimony, medical evidence, testimony of the plaintiff, and the testimony of vocational experts offered by each party.
“5. Based on the evidence and testimony presented at trial, including, but not limited to the objective medical findings, physician’s testimony, and records, physical impairment and restrictions assigned by Dr. John Riser, M.D., complaints of consistent pain in his neck, current medications, as well as Mr. By-rom’s educational background, learning disability, work history, and the testimony of vocational experts, this court is reasonably satisfied that plaintiff is permanently and totally disabled under the Workers’ Compensation Act.”
The trial court awarded benefits accordingly. The order of the trial court does not discuss the legal theory of causation.
After the trial court denied a post-judgment motion filed by Ceasco, Ceasco appealed. On appeal, Ceasco argued that Byrom failed to prove that an accident arising out of his employment caused his injury, in that, Ceasco said, Byrom had failed to prove that his use of the telephone posed a risk of injury to him by a lightning strike materially greater than the common risk posed to other persons in the locality. Byrom argued that he had suffered an accidental injury arising out of his employment. Alternatively, Byrom argued that he had presented substantial evidence to prove legal causation as approved by Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996).
The Court of Civil Appeals held:
“[W]e have concluded that the injury sustained by the worker, although certainly sudden and traumatic, was not an ‘accidental’ injury as that term is used in Alabama’s workers’ compensation law. Instead, the worker suffered a nonacci-dental injury.
[[Image here]]
*945 “... Unlike the typical ‘accident’ case referred to in Ex parte Trinity Industries[, Inc., 680 So.2d 262 (Ala.1996),] where a hammer falls on a worker or the worker falls from a ladder, see Ex parte Trinity Industries, 680 So.2d at 266 n. 3, the eases involving exposure to heat and cold, and more recently the cases involving heart attacks and strokes, present a challenge to a court attempting to determine if the injury or death actually ‘arose out of the worker’s employment. In the present ease, we are faced with that same task. Does the injury caused by lightning in this case arise out of a worker’s employment?
“... We, therefore, conclude that, based on [American Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540 (1930)], the worker in the present case was required to present to the trial court evidence from which it could determine that the worker’s employment exposed him to a risk of being struck by lightning materially in excess of the risk of being struck by lightning to which people are normally exposed in their everyday lives.
[[Image here]]
“... [W]e have no testimony, other than the worker’s report that he was on the telephone approximately 30% of his workday, indicating that the worker was exposed to any increased risk of being struck by lightning. This is simply not sufficient evidence to indicate that he was exposed to a risk of being struck by lightning that was materially in excess of the risk to which people are normally exposed in their everyday lives.
“... The worker was required to prove that his injury occurred in the course of and arose out of his employment. He did not prove that his employment exposed him to a risk of being struck by lightning materially in excess of the risk of being struck by lightning to which people are normally exposed in their everyday lives. Accordingly, we reverse the trial court’s award of compensation to the worker and remand this cause with instructions that the trial court enter a judgment for the employer.”
Ceasco, Inc. v. Byrom, 895 So.2d 932, 936-39 (Ala.Civ.App.2002).
Byrom petitioned this Court for a writ of certiorari to review the judgment of the Court of Civil Appeals. Byrom properly invoked our Rule 39(a)(1)(D) and (a)(1)(C), Ala. R.App. P., certiorari jurisdiction. Invoking Rule 39(a)(1)(D), he claims that the decision of the Court of Civil Appeals in this case conflicts mth American Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540 (1930), Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996), and Morell v. Tennessee Valley Press, Inc., 716 So.2d 1282 (Ala.Civ.App.1998). Invoking Rule 39(a)(1)(C), he claims that the decision of the Court of Civil Appeals presents the question of first impression for this Court whether the lightning strike and its circumstances constitute an accident arising out of employee’s employment as defined by the Workers’ Compensation Act. We reverse and remand.
Byrom was the service manager of one of the automotive service and repair shops operated by Ceasco. Byrom worked six days per week. Monday through Friday he usually worked from 8:00 a.m. to 6:00 p.m., and on Saturday he worked from 8:00 a.m. to 5:00 p.m. He usually worked 50 to 60 hours per week.
Byrom’s duties as service manager included opening and closing the shop, handling all customer relations, supervising service and repair work, diagnosing automotive problems, and occasionally assisting with oil changes, tune-ups, and “brake *946 work.” He spent at least 30% of his workday talking on the telephone with customers, other managers, vendors, and supervisors. Typically, Byrom answered about 100 telephone calls per day. He also used the telephone to check on the availability of parts, to order parts, to call about outstanding accounts, and to solicit service work from owners of large automobile fleets. Accordingly, Byrom spent about 15 to 18 hours per week talking on the telephone.
Most of his time on the telephone he spent ordering parts. No other employees ordered parts.
On July 24, 1998, the weather was stormy, with rain, thunder, and lightning. About 3:30 p.m., while leaning against a metal table in the office, Byrom was talking on a corded telephone to Doug Benson, the manager of the Ceasco shop in Cull-man. While Byrom was talking on the telephone, William Brosch, an employee in the shop managed by Byrom, heard a clap of thunder and a split second later heard Byrom yell. Looking around the car he was working on, Brosch saw Byrom drop the telephone, grab his ear, and walk in circles.
According to Brosch, after Byrom walked around once or twice in a circle, Byrom’s legs were shaking so much that he sat on the floor, where he sat rocking back and forth while holding his ear. Shop employees asked Byrom whether he was all right. He said he was nauseous. He was taken to the bathroom, where he vomited. Because his heart was fluttering, he decided he needed to go to the hospital. One of the shop employees drove Byrom to the emergency room of a hospital.
Byrom has little memory of July 24, 1998. He recalls talking on the telephone to the Cullman store manager. Byrom’s next recollection is waking up on the floor. He recalls feeling severe pain in the left side of his body and going to the hospital. He does not recall yelling or walking in circles. He does not recall hitting his head but does recall severe pain in his head. After he returned to work, shop employees showed him where he was sitting when they found him. He was six feet away from the telephone. They told him that he was thrown six feet from where he had been talking on the telephone. Subsequent to Byrom’s injury, because of a continual buzzing noise, the telephone he had been using had to be replaced with another telephone.
“On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996). “The Work[ers’] Compensation Act, being remedial in nature, should be given liberal construction to accomplish the beneficent purposes, and all reasonable doubts must be resolved in favor of the employee.” Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796, 798 (1968). Accord Moore v. Reeves, 589 So.2d 173 (Ala.1991); Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967); Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21 (1953); Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270 (1950); Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626 (1930).
“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, *947 then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992).
Section 25-5-1(7), Ala.Code 1975, defines accident:
“The term, as used in the phrases ‘personal injuries due to accident’ or ‘injuries or death caused by accident’ shall be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means.”
Section 25-5-31, Ala.Code 1975, provides, in pertinent part:
“When personal injury ... is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he ... shall receive compensation by way of damages therefor from the employer
[[Image here]]
Accord Alabama Textile Prods. Corp. v. Grantham, 263 Ala. 179, 183, 82 So.2d 204, 207 (1955) (“the injury must be caused by an accident arising out of and in the course of employment to be compensable”).
“Whether an accidental injury ‘arises out of the claimant’s employment is basically a question of whether there is a causal relationship between the claimant’s performance of his or her duties as an employee and the complained-of injury. ...”
Ex parte Trinity Industries, 680 So.2d at 266.
“An employee claiming to have been injured by a sudden and traumatic external event (an ‘accident’ in the colloquial sense, e.g., being struck by a falling hammer on a construction site or slipping off a ladder) need only produce substantial evidence tending to show that the alleged ‘accident’ occurred and tending to establish ‘medical causation,’ by demonstrating that the ‘accident’ was a contributing cause of the complained-of injuries and complications.”
Ex parte Trinity Industries, 680 So.2d at 266 n. 3.
In the case now before us, the Court of Civil Appeals did not question the employee Byrom’s proof of medical causation. Rather, that court addressed Byrom’s proof of legal causation — that his injury was “caused ... by an accident arising out of and in the course of his employment,” § 25-5-31 and Grantham, supra. While the Court of Civil Appeals did not question the in-the-course-of-his-employment element of legal causation, that court held against Byrom on the other two elements. First, contrary to the plain meaning of the statutory definition of accident, § 25-5-1(7) quoted supra, the Court of Civil Appeals held Byrom’s injury to be “nonacci-dental.” Second, that court held that By-rom had failed to prove the arising-out-of-his-employment element, as required by Ex parte Trinity Indtistries for “nonacci-dental” injuries, in that he had failed to prove “that he was exposed to a risk of being struck by lightning that was materially in excess of the risk to which people are normally exposed in their everyday lives.” Ceasco, 895 So.2d at 939.
We hold that the event causing By-rom’s injury was an “accident” as defined by § 25-5-1(7). While Ex parte Trinity Industries does not require proof beyond the fact of the accident itself that the accident arose out of the employee’s employment, the evidence in Byrom’s case meets the requirements of Gilbert, supra, *948 for proof that the accident did in fact arise out of the employment, to whatever extent such requirements survived or accompanied the opinion issued in Gilbert on rehearing.
In Gilbert, lightning struck a guy wire securing a sign to the top of a building, a place of employment, traveled the guy wire to its attachment place on the roof of the building, burned a hole in the roof at that place, entered the building, and struck and killed the nearest employee. “The employer ... insisted] that though the employee was killed by reason of an accident which occurred while he was ‘in the course of his employment,’ it did not ‘arise out of it,’ within the meaning of [the applicable] section ... [of the] Code.” Gilbert, 221 Ala. at 46, 127 So. at 541. The trial court expressly found “that the place and conditions were not necessarily dangerous in an electrical storm, and did not subject [the employee] to any risk from lightning other than an ordinary risk in a place of like kind or in a building of like kind in the same general vicinity .... ” Id. Yet the trial court awarded death benefits to the employee’s widow under the workmen’s compensation statutes.
The employer in Gilbert petitioned the Supreme Court for a writ of certiorari directly to the trial court, as this case predated the intermediate appellate courts, and the Supreme Court reviewed the judgment of the trial court. Even though neither party had challenged the fact-findings of the trial court, the Gilbert main opinion on original deliverance affirmed the plaintiffs judgment by resorting to the rationale, contrary to the fact-findings by the trial court, that the employee “was struck and killed ... as a direct result of a condition which creates a hazard which cannot be said to be a common risk, but was peculiar to him on account of the location of his work.” Gilbert, 221 Ala. at 47, 127 So. at 542. The Gilbert main opinion on original deliverance therefore “conclude[d]. that the death of the employee ... arose out of as well as in the course of his employment, and was com-pensable under our statute.” Id. Not surprisingly, because the Gilbert main opinion on original deliverance had contradicted the uncontroverted fact-findings of the trial court in order to affirm, the Gilbert Court on rehearing said, held, and ruled:
“The majority of the court, composed of ANDERSON, C.J., and SAYRE, BOULDIN, and BROWN, JJ., are of the opinion, and so hold, that the facts set out by trial judge do not support his conclusion as to the result. The judgment denying the writ and affirming the case is set aside and the writ is awarded, and the judgment of the circuit court is reversed and the cause is remanded.
“Writ awarded, and reversed and remanded.”
Gilbert, 221 Ala. at 47, 127 So. at 542.
The case now before us is distinguishable from Gilbert in that the trial court in the instant case did not find as a fact that the employee was not subject to a greater-than-ordinary risk of lightning-strike injury through his use of the corded telephone in the course of his employment. To the contrary, the evidence is undisputed that the employee-plaintiff, to the exclusion of the employers’ other employees, performed all of the ordering of parts for the employer and that this work consumed most of the 15 to 18 hours per week of corded telephone use.
The only comparison evidenced by the record is this comparison between the plaintiff and the employer’s other employees. The record contains no evidence of any class of persons in the vicinity subject to a corded-telephone-lightning-strike risk equal or comparable to, or greater than, the plaintiffs. Therefore, the record sup *949 ports the conclusion that the plaintiffs employment subjected him to a risk of injury not common to the only class addressed by the parties and the trial court and that this greater-than-eommon risk did, in fact, cause the plaintiffs injury.
The judgment of the trial court in favor of the plaintiff Byrom is consistent with this conclusion. Indeed, the order entered by the trial court expressly finds that the employee-plaintiff “suffered injuries arising out of and in the course of his employment with the defendant Ceasco.... ” Thus, the judgment of the Court of Civil Appeals reversing the judgment of the trial court is due to be reversed and the cause is due to be remanded to that court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
HOUSTON, J., concurs in the result.
BROWN, J., dissents.