93 So.2d 84 (1957)
Stanley CZEPIAL, Petitioner,
v.
KROHNE ROOFING COMPANY, and the Florida Industrial Commission, Respondents.
Supreme Court of Florida, Special Division A.
February 6, 1957.
Rehearing Denied March 1, 1957.
M.S. Marlin, Miami, for petitioner.
Blackwell, Walker & Gray, Miami, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
ROBERTS, Justice.
The claimant, a roofer, sought workmen's compensation for a disability diagnosed as pulmonary tuberculosis, far advanced. The Deputy Commissioner found that, although tuberculosis is not a disease peculiar to the roofing trade, "claimant's continued work and failure to have care and rest, together with his exposure to the inhalation of tar fumes, ordinary *85 dust, marble chip dust, and pea rock dust, a risk incident to claimant's employment to which the ordinary public is not generally exposed, caused the manifestation of claimant's clinical tuberculosis and resultant disability." His award of compensation was appealed to the Full Commission, which found that there was competent substantial evidence to support the findings of fact of the Deputy Commissioner but that the award was not justified as a matter of law. The Commission reversed the order of the Deputy Commissioner on the ground that the acceleration or aggravation of a pre-existing disease is compensable only when it occurs as the result of an "accident", as defined in the statute, Sec. 440.02(19), Fla. Stat. 1955, F.S.A., and that in the instant case the acceleration or aggravation of claimant's tubercular condition was not "an unexpected or unusual event or result, happening suddenly." The claimant has appealed.
The issue here may be stated as follows: Where the constant inhalation of dusts and fumes directly contributes to the acceleration or aggravation of a pre-existing disease, has the claimant suffered an injury "by accident" for which he must be compensated by the employer in whose employment the injurious exposure occurred? We think the question must be answered in the affirmative.
In Alexander Orr, Jr., Inc., v. Florida Industrial Commission, 1937, 129 Fla. 369, 176 So. 172, 173, in holding that a sunstroke was compensable as an injury by accident, this court adopted the rule stated in Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, 569, as follows:
"`* * * the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger, materially in excess of that which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure.'"
The rule above stated was applied in Cook v. Henry C. Beck Co., Fla. 1950, 48 So.2d 743, to hold that pneumonia was compensable where a night watchman was required to be out in wet and cold weather for a long period of time and the medical evidence showed that the exposure endured by the claimant as a night watchman was a contributing factor to the pneumonia.
In Scobey v. Southern Lumber Co., 1951, 218 Ark. 671, 238 S.W.2d 640, 243 S.W.2d 754, where the constant inhalation of emery dust and sawdust caused an irritation in the claimant's decedent's lung which accidentally aggravated a cancerous condition, in was held that claimant's decedent's death was the result of an "injury by accident" within the meaning of the Arkansas Workmen's Compensation Law. And in Vogt v. Ford Motor Co., Mo. App., 138 S.W.2d 684, 687, it was held that the activation of a dormant allergy by the inhalation of dust, chemicals, vapors and fumes of paint, resulting in bronchial asthma, was compensable, as against the contention that the bronchial asthma was not the result of an accident, defined by statute as "`an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury.'" See also Traders & General Ins. Co. v. Wright, Tex.Civ.App. 1940, 144 S.W.2d 626, where compensation was allowed for tuberculosis following the inhalation of gas while cleaning an oil tank; Kulig's Case, 1954, 331 Mass. 524, 120 N.E.2d 757, holding compensable tuberculosis accelerated by *86 paint spray; Hardin's Bakeries, Inc., v. Ranager, 1953, 217 Miss. 463, 64 So.2d 705, holding that a baker's disability, caused by an allergy resulting from his contact with a mitten he was required to use in handling hot pans of bread as they came from the oven, resulted from "accidental injury", and cases therein cited; Schneider, Workmen's Compensation, Vol. 4, Sec. 1328; Larson, Workmen's Compensation, Vol. 1, Sec. 12.20.
Under the facts, as found by both the Deputy Commissioner and the Full Commission, claimant's pre-existing tubercular condition was accelerated or aggravated by his continued work and failure to have care and rest, together with his inhalation of dust and fumes to which the public generally is not ordinarily exposed. There was thus found to be a direct causal connection between claimant's injury and the exposure to a danger not ordinarily risked by the public (the inhalation of dust and fumes) even though this was not found to be the sole cause of his disability.
We re-affirm the rule of Alexander Orr, Jr., Inc., v. Florida Industrial Commission, supra, 176 So. 172, that "excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure", and we agree with the decisions from other jurisdictions, cited above, holding in effect that the fundamentally accidental nature of the injury is not altered by the fact that, instead of a single occurrence, it is the cumulative effect of the inhalation of dust and fumes to which a claimant is peculiarly susceptible that accelerates a claimant's pre-existing disability.
The claimant in the instant case is entitled to an award of compensation for that proportion of the acceleration or aggravation of his tubercular condition that is reasonably attributable to his inhalation of dust and fumes in the course of his employment Accordingly, the order of the Full Commission is quashed with directions to remand the cause to the Deputy Commissioner for the entry of such an award upon an appropriate finding of fact.
It is so ordered.
TERRELL, C.J., and DREW and THORNAL, JJ., concur.