ERVIN, Justice.
We review on certiorari an order of the Industrial Relations Commission reversing an order of the Judge of Industrial Claims.
It appears from the record that the claimant, Eloy Brito, is a welder who for six years in such position with the employer, Advance Metal Products, Inc., has been exposed to smoke while welding. His *429 sudden inability to breathe through his nose on July 23, 1968, while welding, was characterized by Dr. Sydney Wruble as a condition caused by the fumes and smoke which come from welding.
Although the claimant had the pre-exist-ing condition of polyps in the nose, they were not disabling. Dr. Wruble testified that the constant exposure to the fumes brought the claimant to the point where he was unable to breathe because of the congestion and exposure. He also testified that irrespective of anticipating any future problems, the claimant’s disability is somewhat in the realm of 5 to 10 per cent.
The order of the Industrial Relations Commission reversed the JIC because on the date of the accident the employee had not been exposed to more smoke than he normally encountered in his work for the past six years.
The Industrial Relations Commission quoted Dr. Wruble:
“I think over the years he has been exposed to these fumes, which finally brought it to a point — it brought him to the point where he was unable to breathe because of the congestion and the exposure.”
In addition, the Industrial Relations Commission noted that fumes other than from welding, such as automobile fumes or those from smoking, can also cause this condition.
It is contended by claimant that the Industrial Relations Commission violated the rule of Czepial v. Krohne Roofing Co., Fla. 1957, 93 So.2d 84, at page 85, wherein it is said:
“[1] The issue here may be stated as follows: Where the constant inhalation of dusts and fumes directly contributes to the acceleration or aggravation of a pre-existing disease, has the claimant suffered an injury ‘by accident’ for which he must be compensated by the employer in whose employment the injurious exposure occurred? We think the question must be answered in the affirmative.”
In Victor Wine & Liquor, Inc. v. Beasley, Fla.1962, 141 So.2d 581, the Court in analyzing “exposure” cases, points out that the ill effects of the exposure need not occur suddenly and be immediately related to an identifiable incident. The Court further points out that in Czepial, supra, the Court had held that
“In the so-called ‘exposure’ cases, this court has stressed that, to entitle the employee to compensation, he must have been subjected to more than the ordinary hazards confronting people generally; but we have found no case in which it has been held that the ill effects of the exposure must occur suddenly and be immediately related to an identifiable incident. On the contrary, it was held in the Czepial case, supra, 93 So.2d 84, that ‘the fundamentally accidental nature of the injury is not altered by the fact that, instead of a single occurrence, it is the cumulative effect of the inhalation of dust and fumes to which a claimant is peculiarly susceptible that accelerates a claimant’s pre-existing disability.’ ”
(Victor Wine & Liquor, Inc. v. Beasley, Fla.1962, 141 So.2d 581, at page 588.)
Under the foregoing circumstances measured by the rationale of the two cases cited, and the further case of Simmons v. City of Coral Gables, Fla.1966, 186 So.2d 493, we reverse and direct that the order of the Judge of Industrial Claims be reinstated.
It is so ordered.
ROBERTS, C. J., and BOYD, McCAIN and DEKLE, JJ., concur.