MILLS, Chief Judge.
Claimant in a workers’ compensation proceeding appeals the determination by the Judge of Industrial Claims that he “failed to show by competent substantial evidence that any of his permanent disability is caused by an employment related accident.” We reverse.
The record reveals and the JIC found that Quincy Hilton, the claimant, had contracted emphysema, that the emphysema had been caused by his thirty-three years of smoking cigarettes, and that the pre-exist-ing emphysema had been aggravated by his inhaling of masonite dust at his employment. Furthermore, the order stated that Hilton had a 75 percent permanent partial disability as a whole because of the emphysema and that though the doctor whose opinion was accepted by the JIC had declined to assign any of the disability to the inhalation of the masonite dust, that doctor was of the opinion that the masonite dust was a contributing factor to the disability along with other irritating agents.
The findings of fact set forth in the preceding paragraph lead inexorably to the conclusion that Hilton did establish that some of his permanent disability was caused by an employment related accident as accident was defined by the Florida Supreme Court in Czepial v. Krohne Roofing Company, 93 So.2d 84 (Fla.1957). There the court specifically ruled that where the constant inhalation of dust and fumes directly contributes to the acceleration or aggravation of a pre-existing disease, the claimant has suffered an injury “by accident” for which compensation is due even though the inhalation of dust and fumes was not the sole cause of his disability. Specifically agreeing with cases from other jurisdictions, the Supreme Court held that:
. . the fundamentally accidental nature of the injury is not altered by the fact that, instead of a single occurrence, it is the cumulative effect of the inhalation of dust and fumes to which a claimant is peculiarly susceptible that accelerates a claimant’s pre-existing disability.”
*135 We hold that the claimant here, Quincy Hilton, is entitled to an award of compensation for that proportion of the aggravation of his emphysema that is reasonably attributable to his inhalation of masonite dust in the course of his employment. Accordingly, we reverse and remand with directions that the Deputy Commissioner enter an appropriate compensation order consistent with this opinion, taking additional testimony or other evidence if necessary. In addition, the denial of attorney’s fees by the JIC is reversed and remanded for reconsideration in light of this opinion.
ERVIN and SHIVERS, JJ., concur.