383 So.2d 245 (1980)
CAST CRETE CORPORATION and R.P. Hewitt & Associates, Appellants,
v.
Leonard DUNCAN, Appellee.
No. QQ-322.
District Court of Appeal of Florida, First District.
March 12, 1980.
On Rehearing and Clarification April 25, 1980.
*246 Michael A. Miller and Donna L. Bergh, Orlando, for appellants.
Stephen Marc Slepin of Slepin & Slepin, Tallahassee, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from an award to appellee of workers' compensation benefits for a 30% permanent partial disability. The compensation award was based on a preexisting emphysema condition which evidence indicated was aggravated by appellee's employment as a welder. We reverse the JIC's finding that Duncan suffers an occupational disease and remand for further consideration.
The Judge of Industrial Claims made a specific finding that appellee Duncan had developed emphysema over a period of years, due in part to his smoking. She further found that the emphysema condition was aggravated or accelerated by the inhalation of noxious fumes from the welding Duncan did in his employment at Cast Crete. A lawyer/chemist, Dr. Feuer, testified that welding produces ozone and zinc oxide, which can aggravate an emphysema condition. Another doctor testified that, in his opinion, Duncan's emphysema was aggravated by his exposure to ozone. A third doctor testified that although ozone and zinc oxide can aggravate emphysema, in his opinion Duncan was not exposed to those gases for a sufficient period of time for them to have aggravated his emphysema.
In her order, the Judge of Industrial Claims made the finding that Duncan sustained an occupational disease in the course of his employment resulting in emphysema and chronic bronchitis. She found Duncan to be temporarily totally disabled for a certain period due to the occupational disease and concluded that Duncan suffers a 30% permanent partial disability of the body as a whole as a result of the disease.
Under § 440.151(1)(a), Florida Statutes, for a claimant to be compensated for an "occupational disease," the disease *247 must have been actually contracted while the claimant was engaged in the nature of employment in which he was engaged under the employer against whom he is claiming. Also, the nature of that employment must have created a particular hazard of such disease. See Kidd Electric Co. v. Kidd, IRC Order 2-3246 (1977). The Judge of Industrial Claims erred in classifying Duncan's emphysema as an occupational disease since she found it developed over a period of years prior to Duncan's employment as a welder and it was only aggravated by Duncan's working conditions. There was no evidence or claim that Duncan had previously been engaged in this nature of employment. Duncan's problems should probably be classified as an aggravation of a preexisting condition governed by § 440.02(18), Florida Statutes. Cf., Czepial v. Krohne Roofing Co., 93 So.2d 84 (Fla. 1957). The task of making that determination pursuant to the applicable law in that area should be referred to the JIC.
As to the remaining points raised by both parties, we find that the record contains competent, substantial evidence to support the JIC's finding of proper notice, of temporary total disability from January to August 1975, and of a 30% permanent partial disability. The JIC also was justified in rejecting Duncan's claim of employer liability for injuries resulting from a fall from a tree.
REVERSED and REMANDED for reconsideration of Duncan's claim in light of his opinion and for review of attorney's fees in keeping herewith.
MILLS, C.J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.

ON MOTION FOR REHEARING AND CLARIFICATION
McCORD, Judge.
Appellant has filed a motion for rehearing and clarification calling attention to a portion of the transcript in which counsel for the claimant limited the claim to a claim for compensation as a result of an occupational disease. Appellant concludes that the Judge of Industrial Claims could not, as this Court indicates it might, rule that the claimant suffered an aggravation of a pre-existing condition due to an accident. While that conclusion is correct as a general statement, in view of the circumstances of this case as set forth in our opinion, we find that upon remand the Judge of Industrial Claims can rule upon the question of aggravation of a pre-existing condition due to repeated exposure to noxious fumes[1] provided she can so rule on the basis of the present record without procedural prejudice to appellant. If she finds that procedural prejudice would result, she should allow the parties to present additional evidence as may be necessary to eliminate such prejudice.
Reversed and remanded for further proceedings consistent herewith.
MILLS, C.J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent as previously stated.
NOTES
[1] Czepial v. Krohne Roofing Company, 93 So.2d 84 (Fla. 1957); Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1961); Keller Building Products of St. Petersburg v. Shirley, IRC Order 2-3263 (1977).