597 So.2d 938 (1992)
AETNA LIFE & CASUALTY COMPANY, Appellant,
v.
Joyce SCHMITT and Seibels Bruce, Appellees.
No. 91-135.
District Court of Appeal of Florida, First District.
April 29, 1992.
J. Brian Hurt of De Ciccio & Broussard, P.A., Orlando, for appellant.
R.W. Simmermon, Orlando and Bill McCabe, Longwood, for appellee Joyce Schmitt.
George A. Helm, III and B.C. Pyle, Orlando, for appellee Seibels Bruce.
SMITH, Judge.
Aetna Life & Casualty Company (Aetna) appeals an order of the Judge of Compensation Claims (JCC) determining that since claimant's last exposure to the repeated trauma which caused her carpal tunnel syndrome occurred while Aetna was at risk, Aetna was required to provide claimant remedial treatment. We affirm, but for the alternate reason apparent in the record, that Aetna should be responsible because Aetna was at risk when claimant suffered her last repeated accident which contributed to her condition and necessitated remedial treatment.
*939 All the parties agree that claimant's carpal tunnel syndrome was causally related to the repetitive trauma she suffered to her hands, wrists, and arms, due to her waitressing job. The dispute in this case centers around which carrier should be responsible for payment of benefits: appellee, Seibels Bruce, which provided coverage for the employer through 1989, or appellant, Aetna, which began providing coverage January 1, 1990.
Claimant's symptoms, pain and numbness in her hands, appeared in the middle of 1988 and progressively worsened. On January 12, 1990, she was examined by Dr. Armand Zilioli, an orthopedic surgeon, who diagnosed her condition as carpal tunnel syndrome, causally related to her work. However, at this point, claimant's condition had not resulted in muscle atrophy, and he opined that she could continue to work. By May 1990, claimant's condition had worsened. She had bilateral muscle atrophy and Dr. Zilioli recommended surgery.
Dr. Zilioli explained that it takes a prolonged period of time to develop carpal tunnel syndrome, and he was unwilling to state within a reasonable medical probability when claimant's carpal tunnel syndrome became symptomatic to the point it would require surgery. He refused to testify within a reasonable medical probability that as of December 31, 1989, the claimant had bilateral carpal tunnel syndrome.
At the time of the final hearing on November 6, 1990, claimant had stopped working five days a week and was only working three days a week because of the pain and discomfort in her hands. She testified that her condition was worse at the time of the hearing than it was when she first saw Dr. Zilioli, and that it was getting progressively worse.
Noting the similarity between the repeated trauma and occupational disease theories of recovery in workers' compensation law, the JCC determined that the last injurious exposure rule set forth in section 440.151(5), Florida Statutes (1989)[1] should be applicable. Since Aetna was at risk when claimant was last exposed to workrelated conditions causing injury, the JCC ruled that Aetna should provide her the necessary remedial treatment.
On appeal, Aetna argues that the JCC should not have relied upon the last injurious exposure rule to determine liability between the carriers. Aetna argues that section 440.151, Florida Statutes (1989), provides a more restrictive test for an occupational disease than the test for repetitive trauma set forth in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). Because of the more restrictive test for an occupational disease, Aetna argues, the legislature provided a more lenient method of proving employer/carrier liability in section 440.151(5), once the claimant has established that his injury meets the conditions of an occupational disease.
We agree that the JCC should not have relied upon a rule applicable to occupational disease cases, but not for the reasons advanced by Aetna. As this court recently stressed in Tokyo House, Inc. v. Hsin Chu, 597 So.2d 348 (Fla. 1st DCA 1992), employer/carrier responsibility for occupational disease and employer/carrier responsibility for multiple repeated accidents under the repeated trauma/exposure rationale are separate and distinct. In the latter category, in appropriate cases, assuming the presence of different insurance carriers, permanent disability benefits may be apportioned between carriers. In occupational disease cases, however, permanent disability benefits are never apportionable, because the last injurious exposure rule places liability upon the carrier at risk when the employee was last injuriously exposed to the hazards of the disease. Further, upon appropriate proof in repeated trauma cases, there can be allocation of temporary benefits between carriers. Entenmann's Bakery v. Nunez, 592 So.2d 1158 (Fla. 1st DCA 1992). The potentiality of these issues arising in repeated trauma cases highlights the importance of maintaining the distinction between *940 occupational diseases and repetitive trauma claims.
In this case, the issue of allocation was mentioned in the parties pretrial stipulation, but appropriate proof and argument on the issue was not made below nor was allocation an issue on appeal. Instead, the JCC apparently rejected the applicability of an allocation defense, based upon his mistaken premise that the last injurious exposure rule should be applied to a repeated trauma case. Accordingly, any issue with regard to allocation is beyond the scope of this appeal.
Because the claimant suffered from repeated trauma with recurring incidents occurring while Aetna was at risk, as did the claimant in Hsin Chu, thus contributing to her physical condition necessitating remedial treatment, the JCC's order determining that Aetna is required to provide claimant remedial treatment is AFFIRMED.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] This statute provides that where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer shall alone be liable therefor.