ALLEN, Judge.
The employer and its servicing agent appeal a workers’ compensation order by which benefits were awarded in connection with a hearing loss injury. The judge found that this injury resulted from the cumulative effect of the claimant’s continued exposure to loud noises at work, and that these multiple exposures constituted repeated accidents. Although the claim was based on a date of accident coinciding with earlier exposure, the employer and servicing agent contend that the last injurious exposure should have been used as the date of accident. We conclude that the judge did not err in allowing the claimant to proceed on the earlier date of accident, because this multiple exposure case was properly entertained under the repeated accident theory approved by this court in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA), rev. denied, 388 So.2d 1119 (Fla.1980).
In arguing that the date of accident should be limited to the last injurious exposure, which coincided with the termination of the claimant’s regular employment duties, the employer and servicing agent allude to continuing injury principles from the occupational disease context. However, occupational disease theory is derived from section 440.151, Florida Statutes, which pi’ovides a doctrinal foundation separate and apart from the repeated trauma and multiple exposure injury theory as delineated in Festa. This distinction was thoroughly explained in Tokyo House, Inc. v. Hsin Chu, 597 So.2d 348 (Fla. 1st DCA 1992), wherein it was indicated that occupational disease concepts of responsibility in connection with the last injurious exposure do not govern date of accident determinations in repeated trauma and multiple exposure eases. See also Aetna Life and Casualty v. Schmitt, 597 So.2d 938 (Fla. 1st DCA 1992). As Tokyo House explains, repeated trauma and multiple exposure claims under Festa involve injuries which ensue from repeated accidents occasioned by the various traumas or exposures. See also Worden v. Pratt and Whitney Aircraft, 256 So.2d 209 (Fla.1971); Keller Building Products v. Shirley, IRC Order 2-3263 (Nov. 3, 1977), cert. denied, 362 So.2d 1054 (Fla.1978).
Because the claim in this case is based on ■multiple exposure theory it necessarily involves repeated accidents, and there may be multiple dates of accident. Under such circumstances the claimant is not precluded from seeking benefits which might pertain in connection with one of the earlier dates of accident. See Pinellas County School Board v. Higgins, 597 So.2d 355 (Fla. 1st DCA 1992). The judge therefore did not err in resolving the claim upon the alleged date of accident.
The appealed order is affirmed.
BENTON, J., concurs.
BOOTH, J., dissents without written opinion.