SHIVERS, Senior Judge.
Malt Brothers I, Ltd. and Executive Risk Consultants, Inc., the Employer/Carrier (E/ *571 C), appeal an order of the judge of compensation claims (JCC) awarding Claimant Judy Hoffman temporary total and temporary partial disability, authorizing remedial medical care for Claimant’s left cubital tunnel condition, and ordering the E/C to pay medical bills incurred for this condition. We remand for clarification of the JCC’s findings.
Claimant filed a claim against two previous employers, State Farm and Malt Brothers, requesting benefits and treatment for her cubital tunnel syndrome, which she claimed resulted from typing associated with her employment. In response, Malt Brothers filed a Notice of Controversy, alleging that Claimant’s injuries arose out of and in the course of her employment with State Farm and K-Mart, not Malt Brothers. After conducting a hearing, the JCC found Malt Brothers solely responsible for Claimant’s injury even though he found that her cubital tunnel condition initially began while she was employed by State Farm, and was subsequently aggravated while she was working as a cashier for K-Mart. In holding Malt Brothers responsible, the JCC stated:
It is found that the claimant’s employment at Malt Brothers resulted in a permanent aggravation of her cubital tunnel condition to the point she could no longer be employed. Therefore, it is found the last injurious exposure, and the precipitating cause of her subsequent disability, is a direct result of the claimant’s employment with Malt Brothers. Further, under the principles of Aetna Life & Casualty v. Schmitt, 597 So.2d 938 (Fla. 1st DCA 1992), it was the claimant’s work at Malt Brothers which caused her repeated trauma. The repetitive trauma resulted from recurring incidents which contributed to her physical condition, necessitating remedial medical treatment, and leading to her subsequent disability.
On appeal, Malt Brothers argues that the JCC erroneously applied the last injurious exposure standard in finding it wholly responsible for Claimant’s disability and medical care. We agree that the JCC erred if he found Malt Brothers responsible under the occupational disease theory of compensability, which uses the last injurious exposure standard, rather than the repeated trauma theory. “[O]ccupational disease theory is derived from section 440.151, Florida Statutes, which provides a doctrinal foundation separate and apart from the repeated trauma and multiple exposure injury theory as delineated in Festa.” City of Orlando v. Lemay, 652 So.2d 850 (Fla. 1st DCA 1995) (citing Festa v. Teleflex, 382 So.2d 122 (Fla. 1st DCA 1980)); see also Tokyo House, Inc. v. Hsin Chu, 597 So.2d 348 (Fla. 1st DCA 1992) (although exposure and repeated trauma cases are governed by the same principles, the occupational disease doctrine has a separate area of applicability); Aetna Life & Casualty Co. v. Schmitt, 597 So.2d 938, 939 (Fla. 1st DCA 1992) (the JCC should not have relied upon a rule applicable to occupational disease cases in ruling on this carpal tunnel injury). We REMAND for the JCC to clarify his order.
BARFIELD and KAHN, JJ., concur.